IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| TERRY RANDALL CROCKER, ) | Civil Action No.:  4:07-4011-PMD-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| WARDEN PERRY ) | |
| CORRECTIONAL INSTITUTION, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Terry Randall Crocker ("Petitioner/Crocker"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on December 17, 2007. Respondent filed a motion for summary judgment on July 2, 2008, along with supporting memorandum. The undersigned issued an order filed July 3, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response on August 8, 2008.

## I.  PROCEDURAL HISTORY

There has been no significant opposition filed as to the procedural history as set out by the Respondent. Therefore, the undisputed procedural history as set out in Respondent's memorandum

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

will be set out below.

The Petitioner, Terry Randall Crocker, is presently confined in Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Spartanburg County Clerk of Court. At the October 2000 term, the Spartanburg County Grand Jury indicted Petitioner for one count of Committing/Attempting a Sexual/Lewd Act upon a Child Under 16 (00-GS-42-5844). Petitioner was also charged with three additional counts of Committing/Attempting a Sexual/Lewd Act upon a Child Under 16 (03-GS-42-3322, 03-GS-42-3323, 03-GS-42-3324). He was represented by Andrew J. Johnston, Esquire.

On September 23, 2003, Petitioner pleaded guilty to committing/attempting a sexual/lewd act upon a child under 16 as indicted (00-GS-42-5844). The Honorable Edward W. Miller sentenced him to confinement for 10 years. Petitioner also waived presentment and pleaded guilty to the three additional counts of committing/attempting a sexual/lewd act upon a minor under 16.[2] Judge Miller sentenced him to 10 years consecutive on two of the counts (03-GS-42-3322 and 3324) and to ten years suspended to five years probation consecutive on the other count (03-GS-42- 3323). Petitioner did not appeal his conviction or sentence.

The Petitioner made an application for post-conviction relief filed June 25, 2004. App.p. 35. Petitioner alleged that he was being held in custody unlawfully due to lack of subject matter jurisdiction and involuntary guilty plea due to ineffective assistance of counsel. Petitioner further alleged that he was not informed of his right to appeal. The Respondent made a Return on November 15, 2004. An evidentiary hearing was convened at the Spartanburg County Courthouse on October 25, 2005. App.p. 58. The Petitioner was present and represented by R. Keith Kelly of the

---

[2] Petitioner argues in his petition under Ground One that the waiver was not valid.

2

Spartanburg Bar. The Respondent was represented by Assistant Attorney General Molly Crum. Testimony was received from Crocker and plea counsel Johnston. App.p. 56- 102. On February 24, 2006, the Honorable Roger L. Couch entered his Order of Dismissal with prejudice, but further found that he did not freely and voluntarily waive his right to a direct appeal of his guilty plea and was entitled to appellate consideration of direct appeal issues pursuant to Davis v. State, 288 S.C. 290, 342 S.E.2d 60 (1986). App.p. 104 - 110.

The Petitioner made an appeal to the South Carolina Supreme Court. On appeal, he was represented by Robert M. Pachak of the Division of Appellate Defense. On June 30, 2006, counsel made a petition for writ of certiorari raising as a sole question presented:

> Whether there was any evidence to support the PCR judge's findings that petitioner was entitled to a belated appeal of his guilty plea pursuant to Frazer v. South Carolina, 430 F.3d 696 (4th Cir 2005)? Petition, p. 2.

On the same date, counsel made an "Anders Brief of Appellant Pursuant to White v. State" and petition to be relieved as counsel. On the brief, counsel asserted the following sole arguable ground in the appeal: "[W]hether petitioner's guilty plea was entered knowingly and voluntarily when he did not demonstrate a knowledge of the law in relation to the facts?" Anders Brief , p. 3. The Respondent waived their right to file a formal brief by letter dated July 3, 2006. On August 8, 2006, the Petitioner made a "Pro Se Anders Brief". On September 21, 2007, the South Carolina Court of Appeals entered it opinion dismissing the appeal. Crocker (Terry Randall) v. State of South Carolina, Unpublished OP. NO. 2007-UP-385 (S.C. Ct. App. September 21, 2007). On October 9, 2007, the remittitur was entered.

## II. PETITIONER'S GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following three Grounds, quoted verbatim:

Ground One:   Petitioner's 14th Amendment Due Process Rights were violated when he was convicted without a valid indictment, and did not validly waive indictment, thereby rendering his custody unlawful and in violation of the law.

Supporting facts:
1) Petitioner was asked to sign blank sentencing sheets;
2) three additional charges were sprung on Petitioner moments before his plea hearing;
3) trial court was informed Petitioner did not wish to waive indictment;
4) sentencing sheets waiver boxed were filled out without petitioner's knowledge or consent and
5) Petitioner was not informed that signing the sentencing sheets could be construed as consent to waive presentment to the grand jury.

Ground Two.   Petitioner's 14th Amendment Due Process Rights were denied when he was unlawfully imprisoned pursuant to unknowing and involuntary guilty plea, such custody in violation of the U.S. Constitution.

Supporting facts:
1) Petitioner is a first time offender;
2) he had no prior criminal process exposure;
3) counsel failed to explain the legal meaning of the term "pleading straight up";
4) petitioner stated in open court that he did not wish to proceed on the indictments not true billed by the grand jury;
5) counsel persuaded petitioner that the court's sentences would run concurrent.

Ground Three:   Petitioner's conviction and custody are in violation of the U.S. Constitution Sixth and Fourteenth Amendments, in that Petitioner was denied the effective assistance of counsel.

Supporting facts:   1) Counsel failed to warn me of the ramifications of entering a "straight up guilty plea;

> 2) counsel falsely portrayed the State's position on sentencing;
> 3) counsel erroneously advised Petitioner he faced a life sentence;
> 4) counsel allowed the State to amend the indictments upward without objections; and
> 5) counsel improperly encouraged Petitioner to sign off on blank sentencing sheets, and did not explain to him that those sheets would be construed as indictment waivers.

(Petition).

### III.  SUMMARY JUDGMENT

On July 2, 2008, the Respondent filed a return and memorandum of law in support of their motion for summary judgment. As stated, Petitioner filed a response in opposition on August 7, 2008.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on

the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the defendants are "entitled to judgment as a matter of law" under Rule 56(c) because the Petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since Crocker filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In a thorough discussion of the application of this statute in <u>Green</u>, the Fourth Circuit stated:

> If a state court decision is in square conflict with a precedent (supreme court) which is controlling as to law and fact, then the writ of habeas corpus should issue; if no such controlling decision exists, the writ should issue only if the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant supreme court precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts. In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable.

<u>See also</u> <u>Fitzgerald v. Greene</u>, 150 F.3d 357, 362 (4th Cir. 1998); <u>Wright v. Angelone</u>, 151 F.3d 151, 156 (4th Cir. 1998); <u>Cardwell v. Greene</u>, 152 F.3d 331, 339 (4th Cir. 1998). In <u>Williams v. Taylor</u>, 163 F.3d 860 (4th Cir. 1998), the court specifically rejected an argument that the standard of review enunciated in <u>Green</u>, 143 F.3d 865, was erroneous. Thus, to a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. <u>See</u> <u>O'Brien v. DuBois</u>, 145 F.3d 16 (lst Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review"). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). <u>Wilson v. Moore</u>, 999 F. Supp. 783 (D.S.C. 1998).

## V. ARGUMENTS/FINDINGS

Petitioner argues in Ground One of the habeas petition that his due process rights were violated when he was convicted without a valid indictment and that his waiver of the indictment was

7

not valid.

Respondent argues that this claim was not raised in state court as a due process violation, but rather one of subject matter jurisdiction. Therefore, Respondent argues that this issue is procedurally barred from federal habeas review. In addition, Respondent argues that the issue must be dismissed as a matter of law because it fails to set out a cognizable claim in that federal habeas review is unavailable to retry state issues. Respondent asserts that a state court's determination that one of its courts had jurisdiction over a purely state law criminal charge is not a matter cognizable in federal habeas corpus. Further, Respondent argues that pursuant to State v. Gentry, 610 S.E.2d 494, 499 (2005), the subject matter jurisdiction of the circuit court and the sufficiency of an indictment are two distinct concepts. Respondent states that an indictment reputed to be insufficient no longer raises a question of subject matter jurisdiction, but raises a question of whether a defendant properly received notice he would be tried for a particular crime. Therefore, Respondent argues that this issue challenging the indictment as not creating subject-matter jurisdiction must be dismissed.

Petitioner did not raise this issue to the state's highest court so that it is procedurally barred from habeas review. Petitioner did not file a direct appeal and raised a subject matter jurisdiction issue in PCR. Even if it was construed that he raised this issue at PCR, it was not raised either as a subject matter jurisdiction or due process violation issue on writ of certiorari to the South Carolina Supreme Court.

Furthermore, assuming *arguendo*, that Petitioner could make a showing to bypass or overcome any procedural default, the court still finds this claim must be dismissed because he could not show prejudice. Even construing the petition liberally, as the court is required to do in complaints filed by *pro se* litigants, and finding that Petitioner raises federal due process claims in

8

Ground One, the issue would be dismissed because it is not cognizable in federal habeas action. Deficiencies in state court indictments "are not ordinarily a basis for federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). Additionally, claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.1998). [3]

In Ground Two of the habeas petition, Petitioner argues that his plea was involuntary because he did not understand the concept of a straight up plea and thought the sentences would run concurrent.

In accepting a guilty plea, the court must determine whether it represents an informed intelligent decision by the defendant, Boykin v. Alabama, 395 U.S. 238 (1969), after he understands all of the constitutional protections to which he is entitled, as well as the charges against him, Henderson v. Morgan, 426 U.S. 637, 645, n.13 (1976). At the plea hearing, the defendant must also be advised of the immediate results of his plea, including the maximum sentence he may receive and any mandatory minimum sentence, Manley v. United States, 588 F.2d 79 (4th Cir. 1978).

The undersigned reviewed the transcript and concludes that the trial judge complied with Boykin, supra. It is clear from the trial transcript that the trial judge carefully questioned the

---

[3] The PCR court dismissed the Ground that the court lacked subject matter jurisdiction. In the procedural history, the PCR court also found that Crocker did waive presentment of grand jury indictments in that he signed the sentencing sheets. Counsel testified that he confirmed that Petitioner was aware that he was waiving grand jury presentment. (85-86). Further, at the time of the guilty plea, Petitioner made an oral waiver of grand jury presentment after an additional discussion with his counsel. (Tr. 5-6).

9

Petitioner as to his understanding of the plea and to his right to a jury trial. As well, the trial judge communicated with trial counsel on these issues.

A review of the plea transcript reveals that the court questioned Petitioner as to whether or not he had any questions about the plea which he replied he did not. He was also asked by the court if he was entering the plea of his own free will to which he responded "yes, sir." (Plea Tr. 10). . A review of the plea transcript reveals the following colloquy before the plea was taken:

| | |
|---|---|
| The Court: | In that the defendant fondled the genitals of the minor with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the child or himself in violation of the statutes and laws of the State and that carries up to ten years. So, you're looking at a maximum of forty years on these cases. Do you understand all that? |
| Defendant Crocker: | Yes, sir, I do. |
| The Court: | Understanding the nature of the charges against you and the maximum possible punishment, how do you wish to plead? |
| Defendant Crocker: | Guilty. |
| The Court: | All right. Is anybody forced you, coerced you, threatened you, or promised you anything to get you to plead guilty? |
| Defendant Crocker: | No, sir. |
| The Court: | You're doing it freely and voluntarily? |
| Defendant Crocker: | Yes, sir. |

(Tr. 9-10).

The court went on to explain his right to a jury trial and the rights he would be giving up by pleading guilty. Petitioner stated that he understood and still wanted to plead guilty and that he was guilty. (Tr. 10-12). Petitioner further stated that he was completely satisfied with his attorney and had met with him as often and as long as he thought necessary. (Tr. Plea 12-13).

It is recommended that this issue be dismissed. The court stated the possible sentences on the charges and asked Petitioner if he understood the charges and the possible sentences to which he replied he did. The court also questioned the Petitioner as to whether the possible sentences on the charges had been explained to which he responded they had and that he had no questions about the charges or possible sentences. (Tr. 7-9). Petitioner stated that he was entering the plea of his own free will. The Court also questioned Petitioner as to whether anyone had promised him anything to get him to plead guilty which he responded "no, sir." (Tr. 10).

Thus, the transcript reveals the ramifications of his guilty plea and the rights he was waiving were discussed with Petitioner, and Petitioner stated he understood. As set out above, the trial court questioned the Petitioner thoroughly about his guilty plea and the possible maximum sentences. Additionally, the trial court carefully questioned the Petitioner as to his understanding of his guilty plea and his right to a jury trial. It is apparent from the trial transcript that the Petitioner clearly communicated with the trial judge and clearly understood the charges to which he was pleading guilty.

Further, the PCR court found that Counsel Johnston testified that he discussed the charges with petitioner and explained what a "straight up plea" was. Counsel also testified that he never promised petitioner concurrent sentences. The PCR Judge found that petitioner's testimony that he did not understand the "straight up" plea, the possible sentences he faced, and the waiver to be not credible. The PCR court found counsel's testimony to be credible and that the plea judge explained the maximum amount of jail time he could receive. The state court decisions did not involve a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that

was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Therefore, it is recommended that this issue be dismissed as there has been no constitutional violation with respect to Ground Two of the petition. Accordingly, the undersigned recommends that the Respondent's motion for summary judgment be granted on this Ground.

In Ground Four, Petitioner asserts ineffective assistance of counsel asserting that counsel did not warn him of the ramifications of entering a straight up plea, counsel falsely portrayed the State's position on sentencing, counsel erroneously advised Petitioner he faced a life sentence, counsel allowed the State to amend the indictments without objections, and counsel improperly encouraged Petitioner to sign blank sentencing sheets not explaining that they would be "construed as indictment waivers." (Petition).

Respondent asserts that counsel correctly advised Crocker of the nature of a straight up plea, there was no recommendation, the court was free to sentence in the range, and the court did not have to enter a concurrent sentence. Defendants also assert that having been on notice of the charges prior to the plea, there was no deficient performance in allowing the entry of a written and oral waiver of presentment and there was no signing of blank sentencing sheets. (App. 107-109). Respondent asserts that counsel was not defective and Petitioner has failed to show that there was any omission by counsel that could have lead to an involuntary plea or satisfy the prongs under Strickland.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland , supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A Petitioner must

first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

The Strickland approach applies in the context of a guilty plea. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In Hill, the Supreme Court held that in the plea context, counsel's deficient performance is prejudicial only "if there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. In Meyer v. Branker, 506 F.3d 358 (4th Cir. 2007), the Court held that "[T]his is an objective inquiry, *see Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir. 1988), and

dependent on the likely outcome of a trial had the defendant not pleaded guilty. *Hill*, 474 U.S. at 59-60, 106 S.Ct. 366." Meyer v. Branker, 506 F.3d at 369.

A review of the PCR order of dismissal reveals the PCR judge found the following:

> This Court finds Applicant's testimony that he did not understand the "straight up" plea, the possible sentences he faced, and the waiver to be not credible. Counsel's testimony in these regards was credible. Moreover, the transcript of Applicant's plea reflects that the judge explained the maximum amount of jail time he could receive. Trial Tran. P. 9. Applicant also signed the sentencing sheets. Therefore, this Court finds that the allegations that Counsel's representation fell below reasonable professional norms is without merit. Strickland v. Washington, 466 U.S. 688, 104 S.Ct. 2052 (1984). This Court also finds that Applicant fails to prove prejudice. Roscoe v. State, 345 S.C. 16, 546 S.E.2d 4117 (2001). Furthermore, the record reflects that Applicant was on notice of the charges and that his guilty plea was knowingly and voluntarily made. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969). Therefore, Applicant's allegations that his plea was rendered involuntary due to ineffective assistance of counsel are denied and dismissed with prejudice.

(Tr. 107-108).

Based on the reasons stated under Ground Two as to the colloquy between the trial judge and Petitioner and the PCR transcript, the undersigned concludes that the record supports the state PCR court's holding. As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. No genuine issue of material fact has been shown in regard to this issue. Strickland, supra. Petitioner has failed to meed his burden to show error. Therefore, it is recommended that Respondent's motion for summary judgment be granted as to this issue.

## VI.  CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that Respondent's motion for summary judgment (document #21 ) be GRANTED.


Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 4 , 2008
Florence, South Carolina