**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| TERRY RANDALL CROCKER )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>MICHAEL McCALL, WARDEN, )<br>PERRY CORRECTIONAL FACILITY, )<br>)<br>Respondent. )<br>_____) | C.A. No.: 4:07-4011-PMD-TER<br><br>**ORDER** |

This matter is before the court upon *pro se* Petitioner Terry Randall Crocker's ("Petitioner") Petition for Habeas Corpus relief pursuant to 28 U.S.C. § 2254, which was filed on December 17, 2007. On July 2, 2008, the Respondent, Warden of Perry Correctional Facility ("Respondent") filed a Motion for Summary Judgment urging the court to dismiss Petitioner's Motion. On August 7, Petitioner filed a Response in Opposition to Respondent's Motion. On December 4, United States Magistrate Judge Thomas E. Rogers, III entered a Report & Recommendation ("R&R") recommending to this court that Petitioner's Petition be dismissed. Petitioner filed timely Objections to the R&R on January 22. For the following reasons, the Court hereby adopts the Magistrate Judge's R&R, grants Respondent's Motion for Summary Judgment, and dismisses Petitioner's Petition for relief under § 2254.

**BACKGROUND**

In October 2000, a Spartanburg County Grand Jury indicted Petitioner for committing a lewd and sexual act upon a child under the age of 16. Petitioner was also charged, but not indicted, with three additional counts of the same crime. On September 23, 2003, Petitioner pled guilty to committing an act of a lewd and sexual nature upon a child under the age of 16 as indicted. Petitioner then waived presentment and pled guilty to all three additional counts.

Petitioner was sentenced to ten years of imprisonment on his initial guilty plea, and was sentenced to ten years of imprisonment to run consecutively on two of the additional counts, and to ten years suspended upon the completion of five years of probation on the other count. Petitioner did not appeal the conviction or the sentence.

Petitioner filed for Post-Conviction Relief ("PCR") on June 25, 2004. He alleged that the court had lacked subject matter jurisdiction due to the lack of indictments on three of the four counts, and that his guilty plea was involuntary due to the ineffective assistance of counsel. He also claimed he was unaware of his right to appeal. A PCR hearing was held on October 25, 2005, and Petitioner was represented by counsel at this hearing. Petitioner's PCR Petition was dismissed on February 24, 2006, but the PCR court further ruled that Petitioner had not freely waived his right to a direct appeal of his guilty plea, and should therefore be able to have appellate consideration of his issues.

Based upon this, Petitioner appealed to the Supreme Court of South Carolina. He was represented by counsel in his appeal. The Supreme Court dismissed his appeal on September 21, 2007.

Petitioner filed his Petition for a Writ of Habeas Corpus pursuant to § 2254 in this Court on December 17, 2007. Respondent filed a Motion for Summary Judgment on Petitioner's claims on July 2, 2008. Petitioner filed a Response to this Motion on August 7, 2008. On December 4, 2008, the Magistrate Judge entered an R&R recommending that this Court grant Respondent's Motion for Summary Judgment, and dismiss Petitioner's claim for habeas relief.

**STANDARD OF REVIEW**

I.    **The Magistrate Judge's R&R**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 269 (1976). The Court reviews *de novo* those portions of the R&R to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1)(C). As to those portions of the Report for which no such specific written objections are made, the Court "need not conduct a *de novo* review, but must instead only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). After a review of the entire record, the R&R, Petitioner's Petition and his Objections, the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this Order.

II.   **Motion for Summary Judgment**

To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex*

3

*Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **ANALYSIS**

Petitioner asserts three grounds for relief. First, he claims that his constitutional rights were violated because he was convicted of three of the counts to which he pled guilty without first having been indicted on those counts. While the trial court found that he had waived presentment, Petitioner asserts that this was not the case. Secondly, Petitioner asserts that his constitutional rights were violated when he was sentenced and incarcerated due to an involuntary guilty plea. Finally, Petitioner claims that his conviction and sentencing were due to the ineffective assistance provided by his counsel.

### I.    **Waiver of Indictment**

Petitioner's first alleged ground for relief is that he pled guilty to and was convicted of three criminal counts for which he was never properly indicted. According to Petitioner, his due process rights were violated because a Spartanburg County grand jury only properly indicted him on one of the four counts of committing a lewd and sexual act upon a child under the age of 16.

The Magistrate Judge recommended that Respondent's Motion for Summary Judgment be granted, and that Plaintiff's § 2254 action for habeas relief be dismissed. The Magistrate Judge held that Petitioner's claim that the indictment was deficient and therefore failed to establish subject matter jurisdiction should be dismissed because that issue was never raised before the state's highest court. Furthermore, the Magistrate Judge noted that even if Petitioner

4

could show some reason why this claim should not be barred procedurally, it would also fail because Petitioner failed to show prejudice.

Petitioner objects to both of these, arguing that the lack of a valid indictment violated his due process rights. He claims that he did raise this issue before the state's highest court, and that he was, in fact, prejudiced by the lack of an indictment in his prosecution. However, Petitioner's objections are without merit, and the Magistrate Judge correctly applied the law to the facts of Petitioner's case on this issue. Because this Court holds that Petitioner was not prejudiced by the lack of indictment, this Court need not and does not even address the issue of whether Petitioner properly presented this issue before the state of South Carolina's highest court.

Petitioner was guaranteed the right to a grand jury indictment by the South Carolina Constitution. However, that is a matter of state law, and the United States Constitution does not guarantee the right to an indictment by a grand jury before one can be charged with a crime in a state court proceeding. Therefore, what Petitioner is asserting is a matter of state law which was given final adjudication by a state court, and therefore this Court is not empowered to overturn that decision. *See, e.g.*, *Dunn v. Sears*, 561 F. Supp. 2d 444, 453 (S.D.N.Y.) ("Federal courts have consistently held that the right to appear before the grand jury is not reviewable by a federal habeas court.").

However, even if this Court were empowered to review this matter, Petitioner would have no claim. Grand jury rights can be waived, and a defective indictment does not deprive a court of subject matter jurisdiction. *United States v. Cotton*, 535 U.S. 625 (2002); *see also Goode v. United States*, 305 F.3d 378, 386 (6th Cir. 2002) ("The right be charged by a grand jury is a personal right that can be waived."). A waiver of the right to grand jury is valid where the

5

waiver is knowing, voluntary, and intelligent. *United States v. Jiminez*, 54 Fed. Appx. 369, 370 (3d Cir. 2002). While waiver of the right to indictment may be done in a formal signed statement to that effect, a formal and explicit oral waiver of this right at a plea hearing is sufficient to constitute a valid waiver. *United States v. Mota*, 17 Fed. Appx. 61, 61 (2d Cir. 2001).

Here, Petitioner made a knowing, voluntary, and intelligent waiver of his right to grand jury indictment on the three additional counts in open court. Although it is true that there was some confusion about the waiver and Petitioner initially declined to waive this right, his counsel then asked for a break in the proceedings so he could confer with Petitioner. After conferring, the hearing reconvened and the following exchange took place:

> PETITIONER'S COUNSEL: You Honor, we have had a brief conference about that and I think he misunderstood the question.
>
> THE COURT: All right. Well, let me just ask you again. Do you understand that you have an absolute right to require the State to present these cases to the Spartanburg County Grand Jury?
>
> PETITIONER: Yes, sir.
>
> THE COURT: And do you understand how that process works?
>
> PETITIONER: I think so.
>
> THE COURT: All right. And you have any questions you want to ask about it?
>
> PETITIONER: No, sir.
>
> THE COURT: All right. So, my question to you now is do you want to waive your right to require the State to present these cases to the Grand Jury and go forward today?
>
> PETITIONER: Yes.
>
> THE COURT: All right. Has anybody forced you, coerced you, threatened you, or promised you anything to get you to give up that right?
>
> PETITIONER: No, sir.

(Tr. at 6-7.)  It is very clear from this exchange that Petitioner understood his right to have a grand jury indictment on the additional three charges, and understood the consequences of waiving a formal indictment on those three charges.  Furthermore, Petitioner has failed to show how he was prejudiced by the lack of an indictment on these three charges.  He makes no allegation that the prosecutors did not have sufficient evidence to gain an indictment on these charges—indeed, a review of the plea hearing transcript reveals that the victims were fully cooperating with the prosecution, were willing to give specific, detailed testimony about what Petitioner did to them, and when and where it happened.  This testimony, given at the plea and sentencing hearing, would have certainly been sufficient to obtain an indictment on the three additional charges.

Furthermore, Petitioner does not contest that he was actually innocent of the crimes to which the charges pertain.  On the contrary, Petitioner spoke at great length at the plea and sentencing hearing about the details of the acts he committed, what his motivations were in committing them, and how remorseful he feels about those acts.  Given that Petitioner turned himself into police, cooperated with prosecutors, and pled guilty to all four charges against him, there can be no doubt as to Petitioner's guilt of these crimes, and therefore any technical defect in the grand jury process constitutes harmless error, and may not support a claim for habeas relief under § 2254.  *Cf. Brown v. Gouverneur Corr. Facility*, 408 F. Supp. 2d 175, 183 (W.D.N.Y. 2006) ("To the extent Brown is asserting defects in the grand jury proceeding, such a claim is not cognizable on habeas review because Brown was convicted by a jury after a trial.  The trial jury's guilty verdict necessarily renders any irregularities before the grand jury harmless as it establishes not only that there existed probable cause to indict the defendant, but

7

also that the defendant was 'in fact guilty as charged beyond a reasonable doubt.' ") (quoting *United States v. Mechanik*, 475 U.S. 66, 68 (1986)).

The grand jury indictment exists as a precautionary measure against certain prosecutorial abuses of power. Specifically, the grand jury exists to prevent a prosecutor from using the power to charge someone with a crime to shame or intimidate a defendant when the government lacks sufficient evidence to go forward with the case. Here, however, that is certainly not the case. Both victims testified at the plea and sentencing hearing, giving credible, detailed testimony about the acts committed by Petitioner. Petitioner fully acknowledged that he had, in fact, committed the crimes he was being charged with, and spoke at great length about why he committed the acts, the effect those acts had had on both the victims and himself, and expressed great remorse for the acts. The facts surrounding Petitioner's challenge to the lack of a formal grand jury indictment epitomize the legal doctrine of harmless error, as Petitioner can allege no harm whatsoever suffered by him as a result of the fact that he had not been indicted on the three additional criminal charges at the time he pled guilty to those charges.

Accordingly, because Petitioner waived the right to have the additional three charges presented to a grand jury, and was not prejudiced by the fact that those charges had not been presented to a grand jury, his claim for habeas relief on these grounds fails as a matter of law.

## II.     **Involuntary Guilty Plea**

Petitioner also claims that he should be granted habeas relief because his guilty plea was unknowing and involuntary. The Magistrate Judge recommended that Petitioner's claim on this issue be dismissed because the trial court judge carefully and thoroughly questioned both Petitioner and Petitioner's counsel before accepting the plea, and fully explained the sentences

and ramifications of the plea to Petitioner. The state PCR court found that his counsel had fully explained to Petitioner all of the possible consequences of him entering a guilty plea before he pled guilty.

A trial judge may not accept a guilty plea without first ascertaining "that it was intelligent and voluntary." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). In order to be intelligent and voluntary, a defendant must first understand all charges against him, as well as all constitutional protections to which he is entitled should he choose not to plead guilty. *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13 (1976). This includes being informed of the maximum sentence which he may receive and any mandatory minimum sentence. *Manley v. United States*, 588 F.2d 79 (4th Cir. 1978). "Absent clear and convincing evidence to the contrary, [a defendant] is bound by the representations he made during the plea colloquy." *Burket v. Angelone*, 208 F.3d 172, 191 (4th Cir. 2000).

At the plea hearing, the trial judge read the details of all of the charges against Petitioner, and asked Petitioner if he understood all of the charges, and Petitioner responded that he did understand what he was being charged with. At that point, the following exchange took place:

> THE COURT: So, you're looking at a maximum of forty years on these cases. Do you understand all that?
>
> PETITIONER: Yes, sir, I do.
>
> THE COURT: Understanding the nature of the charges against you and the maximum possible punishment, how do you wish to plead?
>
> PETITIONER: Guilty.
>
> THE COURT: All right. Has anybody forced you, coerced you, threatened you, or promised you anything to get you to plead guilty?
>
> PETITIONER: No, sir.
>
> THE COURT: You're doing it freely and voluntarily?

PETIIONER: Yes, sir.

THE COURT: Okay. You understand you have an absolute right to trial by jury where you'd be presumed innocent unless and until the government could prove you guilty beyond any reasonable doubt of each and every element of each offense that you are charged with. You understand that?

PETITIONER: Yes, sir, I do.

THE COURT: You understand that you have a right to be represented by an attorney under the Sixth Amendment. You have a fine attorney with you today. And he, he would represent you throughout the trial. He'd have a right to confront and cross-examine the witnesses and the evidence that the State would put up to attempt to convict you. You would have a right to use the subpoena power of the State to compel, in court, all relevant and competent evidence in your defense or you could remain silent and not present any defense whatsoever and your silence could not be used against you in any way. Additionally, you could never be compelled to incriminate yourself in court at a trial. You understand all those rights?

PETITIONER: Yes, sir, I do.

THE COURT: I don't know if they're any, any questions with respect to the admissibility of evidence or whether or not there's been some constitutional impropriety with respect to perhaps the statement that's been made or with respect to some search that's been made. I don't know anything about that. I don't know if you have any defenses that you could present. But I tell you that, if you enter this plea and I accept your plea, then you waive or give up your right to claim any defense or assert any defense or to claim any constitutional impropriety in this matter. Do you understand that?

PETITIONER: Yes, sir, I do.

THE COURT: Okay. Now, understanding all those rights, do you want to waive or give up those rights and plead guilty?

PETITIONER: Yes, sir.

THE COURT: Are you guilty?

PETITIONER: Yes, sir, I plead guilty.

THE COURT; Okay. And with respect to those four cases, if they are unrelated and then you would have, you'd have a right to be tried separately with all those rights I just talked to you about. You'd have a right to have separate trials. You understand that?

PETITIONER: I didn't. But I do, yes, sir.

10

> THE COURT: Okay. And you want to—they may all be related and they may all be—you may not be entitled to separate trials. But if they were unrelated, you'd have a right to separate trials with all those rights. Do you understand that?
>
> PETITIONER: Yes, sir, I do.
>
> THE COURT: Okay. And are you guilty?
>
> PETITIONER: I'm pleading guilty, yes, sir.
>
> THE COURT: No, I'm asking you are you guilty?
>
> PETITIONER: I'm guilty, yes, sir.
>
> THE COURT: Okay. All right. Are you totally and completely satisfied with the representation of your attorney?
>
> PETITIONER: Yes, sir, I am.
>
> THE COURT: Has he done for you everything that you think is reasonably necessary to adequately prepare your defense in this case?
>
> PETITIONER: Yes, sir.
>
> THE COURT: Have you met with him for as often and as long as you think is necessary?
>
> PETITIONER: Yes, sir.
>
> THE COURT: Okay. Have you understood your talks with him?
>
> PETITIONER: Yes, sir, I have.
>
> THE COURT: And is there anything that he's done that you wish he had not done?
>
> PETITIONER: No, sir, can't think of anything.
>
> THE COURT: Okay. You have any complaint to make of any nature against your attorney, against the Solicitor's Office, or against law enforcement in connection with these cases?
>
> PETITIONER: Oh, absolutely not, no, sir.
>
> THE COURT: Okay.

(Tr. at 9-13.) Petitioner asserts that his plea was involuntary because he believed that his sentences would run concurrently, not consecutively.

11

However, this claim is without merit. As is very clear from the excerpt of the transcript above, the trial court thoroughly explained that Petitioner faced a maximum of forty years in prison, so Petitioner, a college-educated professional, had to have been aware that he could be facing more than ten years in prison. Furthermore, the trial court explained in substantial detail the rights Petitioner had should he choose not to plead guilty, and the rights he was waiving by choosing to plead guilty. After reviewing the record, it is very clear that Petitioner was fully aware of: (1) the charges against him; (2) the possible punishment for pleading guilty to those charges; and (3) the constitutional rights which he would be forfeiting by pleading guilty. Given that there is no allegation or evidence that Petitioner was too unsophisticated or otherwise unable to understand what the trial court was communicating to him, this Court must conclude that Petitioner knowingly, intelligently, and voluntarily pled guilty to the crimes with which he had been charged.

Accordingly, Petitioner's claim that his guilty plea was entered involuntarily is without merit and fails as a matter of law.

### III.   Ineffective Assistance of Counsel

Finally, Petitioner claims that he was provided with ineffective assistance of counsel at the trial phase, which made his guilty plea unknowing and involuntary.

In addressing issues concerning the ineffectiveness of counsel, the Supreme Court of the United States has set forth a two-pronged test which was announced in *Strickland v. Washington*, 466 U.S. 668, 687-98 (1984). The first prong of the *Strickland* test, the performance prong, relates to professional competence. In order to satisfy this prong, the petitioner must show that his attorney's representation was deficient and that it fell below "an objective standard of

reasonableness." *Id.* at 687-91. "Judicial scrutiny of counsel's performance must be highly deferential," and "every effort must be made to eliminate the distorting effects of hindsight . . . and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. The Supreme Court and the Fourth Circuit have emphasized that in making this determination, there is a presumption that trial counsel's conduct was within the wide range of reasonable professional assistance credited to attorneys representing criminal defendants. *Id.* at 689; *see Fields v. Attorney General of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985).

In order to show that the second prong, the prejudice prong, of the *Strickland* test has been violated, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. If the petitioner does not meet his burden of proving prejudice, then "a reviewing court need not consider the performance prong." *Id*.

Petitioner has objected to the Magistrate Judge's recommendation that this Court find that Petitioner's claim for ineffective assistance of counsel be dismissed as a matter of law. According to Petitioner, he was not aware of the nature of his guilty plea and the possible consequences that would result from him entering such a guilty plea. However, this claim fails as a matter of law.

This Court need not address the issue of whether or not Petitioner's counsel's performance was objectively deficient, because Petitioner has plainly failed to establish that he would not have pled guilty absent his counsel's allegedly deficient performance. The Supreme

13

Court of the United States has held that a defendant is only prejudiced by ineffective assistance in the guilty plea context "if there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "This is an objective inquiry, and dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007).

As detailed above, in the present case, the trial judge explicitly put Petitioner on notice of the charges against him and the possible penalties. Petitioner represented that he was knowingly and voluntarily pleading guilty to the charges against him. The trial judge ascertained that Petitioner understood the possible consequences in terms of the punishment/sentences he was facing, and he acknowledged that he understood them. A review of the transcript reveals no uncertainty about what the effect of Petitioner's guilty plea was or the possible sentences he was facing as a result. Given the fact that Petitioner made a knowing and voluntary plea, he simply cannot show how the outcome of the matter would have been any different had he been given this information by his counsel as opposed to the judge.[1]

Accordingly, since Petitioner has failed to assert how the outcome of his proceeding would have been any different had his counsel performed as Petitioner asserts he should have, his claim for habeas relief due to ineffective assistance of counsel fails as a matter of law.

---

[1] The fact that the sentence received by a defendant who pleads guilty upon the advice of counsel is higher than what is hoped for or expected may not form the basis for an ineffective assistance of counsel claim. *See, e.g.*, *Saylor v. Crawford*, 151 F.3d 1030 (4th Cir. 1998) (unpublished) (holding that where a defendant had pled guilty upon the instructions of her attorney, and received a more severe sentence than her attorneys told her was likely, this did not form the basis of a constitutional claim for ineffective assistance of counsel).

14

## **CONCLUSION**

It is therefore **ORDERED**, for the foregoing reasons, that Respondent Michael McCall's Motion for Summary Judgment be **GRANTED**, and Petitioner Terry Randall Crocker's Petition for relief under 28 U.S.C. § 2254 is **DISMISSED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 19, 2009**